**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| LEN CLINE, on behalf of himself and others similarly situated, | : | |
| | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| TRANSAMERICA AGENCY NETOWRK, LLC, a Florida company, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| _____ | / | |

Plaintiff Len Cline (hereinafter referred to as "Plaintiff" or "Cline"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act

of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Transamerica Financial Advisors, Inc. (hereinafter referred to as "Defendant" or "Transamerica") to market its services through telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

3.      The recipients of Transamerica's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the technology used by Transamerica makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff Cline is a resident of Putman County, Florida.

5.      Defendant Transamerica Agency Network, LLC, is an Iowa based limited liability company which is registered to conduct business in Florida and their office is located at 7077 Bonneval Rd, Suite 210, Jacksonville, Florida 32216. Defendant conducts business throughout this district, Florida, and the U.S.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

7.      This Court has general personal jurisdiction over Transamerica because the company resides here.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Transamerica directed the calls at issue to Plaintiff who received them in this District and because Defendant resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

9.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

10.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and

provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.   47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12.    Defendant Transamerica is a "person" as the term is defined by 47 U.S.C. § 153(39).

13.    Defendant Transamerica "is a marketing group with Transamerica Premier Life Insurance Company and affiliated Transamerica companies offering insurance and financial products."[2]

14.    Plaintiff Cline registered his cell phone with the National Do Not Call Registry on December 22, 2011.

15.    Plaintiff Cline uses his cell phone for personal use only. It is not used as a business number.

16.    In March 2021, Plaintiff Cline started receiving unwanted telephonic sales calls, from Defendant Transamerica to his cell phone soliciting Defendant's services.

17.    On March 16, 2021, at 12:28 PM, Plaintiff received a call from the phone number 904-632-0734. Plaintiff did not answer this call. Plaintiff called the

---

[2] https://www.transamerica.com/tan/

phone number back to find out who the caller was. Plaintiff spoke to an agent and informed them that he was not interested in Defendant's services. The agent did not identify any company names.

18.     On March 18, 2021, at 9:46 AM, Plaintiff received a call to his cell phone from the same phone number, 904-632-0734. Plaintiff answered the call and requested the agent for the calls to stop. The agent failed to mention the company name to the Plaintiff.

19.     On July 2, 2021, at 1:13 PM, Plaintiff received a call to his cell phone from the same phone number 904-632-0734. Plaintiff did not answer the call.

20.     Annoyed by the unwanted calls, Plaintiff Cline called the phone number 904-632-7034 back, spoke to a "Mike Jackson" and demanded that Defendant stop calling his cell phone.

21.     On November 24, 2021, at 1:26 PM, Plaintiff received yet another call from the phone number 904-632-0734 despite having made multiple stop requests to the Defendant.

22.     To find out who was responsible for these unwanted calls to Plaintiff's cell phone, Plaintiff answered the call and played along by pretending to be interested in the Defendant's services. The Plaintiff again spoke to "Mike Jackson" who identified the company name as Defendant Transamerica.

23.     On February 19, 2022, at 2:12 PM, Plaintiff Cline received another call to his cell phone from the Defendant using the phone number 904-632-0734. Plaintiff answered the call and spoke to Defendant's employee Mike Jackson soliciting Defendant's life insurance products. Plaintiff once again told the Defendant's employee that he did not want their products and that they should stop calling him.

24.     The phone number 904-632-0734 is displayed on one of the web pages on the Defendant's website as their contact number:



---

[3] https://tanconnects.com/agencies/8T-FL

25.     Plaintiff Cline has never had any business relationship with Defendant Transamerica.

26.     Plaintiff Cline was not looking for the Defendant's products and has never given his express written consent to Defendant Transamerica to place telephonic solicitation calls to his cell phone.

27.     Plaintiff Cline received, and continues to receive, multiple unwanted telephonic solicitation calls marketing health insurance, from Defendant Transamerica.

28.     Consumers have raised numerous complaints online about Defendant's unsolicited telemarketing calls, for instance:

- "Unsolicited call."[4]

- "Robocall"[5]

- "marketing call"[6]

- "Robocall – keeps calling"[7]

- "Telemarketer"[8]

---

[4] https://www.shouldianswer.com/phone-number/7184009341
[5] *Id.*
[6] *Id.*
[7] https://www.shouldianswer.com/phone-number/2542993770
[8] *Id.*

29.     In addition, Defendant's employees have posted reviews regarding their experience of working for the Defendant Transamerica showing Defendant makes the agents place cold calls to consumers:

**Employee Relations Manager Reviews at Transamerica**

4.0 ★ ★ ★ ★ ☆

Employee Relations Manager | Southfield, MI | Apr 7, 2018

**Position was a commission only position and I am looking for a position that has a base salary plus commissions**

Cold call clients in an effort to sale life insurance and annuity products to individuals and business owners. Also a small book of business that required customer service duties.

✅ **Pros** Work from home

⛔ **Cons** Commission only position

9

30.     Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with prior express written consent to receive the telephone calls at issue.

31.     Defendant does not have any record of express written consent to place telemarketing calls to Plaintiff or to members of the proposed classes.

32.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

33.     In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection

---

[9] https://www.simplyhired.com/company/Transamerica/?q=Employee+Relations+Manager

Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

35.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Unidentified Telephone Solicitor Class:** All persons in Florida who (1) received an unsolicited telephonic sales call from or on behalf of the Defendant, (2) in which the sender failed to identify their full name and the business on whose behalf the solicitation call was made, as in the telephonic sales messages received by the Plaintiff, (3) on or after July 1, 2021.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) for substantially the same reason Defendant called Plaintiff, including (4) at least one call after they requested that Defendant stop calling.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days (4) for substantially the same reason Defendant called Plaintiff

36.     Plaintiff Cline is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Classes' members.

37.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

39.     This Class Action Complaint seeks injunctive relief and money damages.

40.     The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

41.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

42.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

43.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;
>
> (b) whether Defendant systematically sent made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA and FTSA; and
>
> (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

46.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff

and his counsel are committed to vigorously prosecuting this action on behalf of the

other members of the Classes and have the financial resources to do so.

47.    Common questions of law and fact predominate over questions

affecting only individual class members, and a class action is the superior method

for fair and efficient adjudication of the controversy.  The only individual question

concerns identification of class members, which will be ascertainable from records

maintained by Defendant and/or its agents.

48.    The likelihood that individual members of the Classes will prosecute

separate actions is remote due to the time and expense necessary to prosecute an

individual case.

## COUNT I
### Violation of the Florida Telephone Solicitation Act,
### Fla. Stat. § 501.059
### On Behalf of Plaintiff Cline and the Unidentified Telephone Solicitor Class

49.    Plaintiff repeats and incorporates the allegations set forth in paragraphs

1 through 48 as if fully set forth herein.

50.    Plaintiff brings this claim individually and on behalf of the members of

the Unidentified Telephone Solicitor Class against Defendant.

51.    The FTSA requires "any telephone solicitor who makes an unsolicited

telephonic sales call to a residential, mobile, or telephonic paging device telephone

number" to mandatorily "identify himself or himself by his or her true first and last

names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation." Fla. Stat. § 501.059(2)

52.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

53.    In violation of the FTSA, Defendant failed to identify the name of the telephone solicitor or the business on whose behalf those unsolicited telephonic sales calls were made and/or caused to be made to Plaintiff and other members of the Unidentified Telephone Solicitor Class.

54.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff Cline and the Internal Do Not Call Class**

55.     Plaintiff repeats and realleges paragraphs 1 through 48 of this Complaint and incorporates them by reference herein.

56.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call

14

for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

57.   Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class on behalf of the Defendant without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing calls.

58.   The TCPA provides that any "person who has received more than one

telephone call within any 12-month period by or on behalf of the same entity in

violation of the regulations prescribed under this subsection may" bring a private

action based on a violation of said regulations, which were promulgated to protect

telephone subscribers' privacy rights to avoid receiving telephone solicitations to

which they object. 47 U.S.C. § 227(c)(5).

59.     The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a

result of Defendant's conduct, Plaintiff and the other members of the Internal Do

Not Call Class are each entitled to up to $1,500 per violation.

## COUNT III
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227
### On Behalf of Plaintiff Cline and the Do Not Call Registry Class

60.     Plaintiff repeats and realleges paragraphs 1 through 48 of this

Complaint and incorporates them by reference.

61.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c),

provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

residential telephone subscriber who has registered his or her telephone number on

the national do-not-call registry of persons who do not wish to receive telephone

solicitations that is maintained by the federal government."

62.     Any "person who has received more than one telephone call within any

12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

63.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

64.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

65.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, to numbers on the National Do Not Call Registry in the future;

b)      That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and FTSA;

c)      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

d)      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: March 8, 2022.           Respectfully submitted,

By:  /s/ Stefan Coleman

Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
**COLEMAN PLLC**
66 West Flagler Street
Suite 900
Miami, FL 33130
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman, Esq. (FL Bar no. 84382)
**KAUFMAN P.A**
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*